UNITED STATES v. ONE-STRAND PEARL NECKLACE et al.

SAME v. ONE TWO-STRAND PEARL NECKLACE et al.

(District Court, S. D. New York.  July 3, 1919.)

CUSTOMS DUTIES ⟜130—VIOLATION OF CUSTOMS LAWS—FORFEITURE.
    The failure of the agent of an importer to whom merchandise was intrusted for carriage into the United States to declare it as instructed does not relieve his principal from its forfeiture.

Forfeiture Libels.  Proceedings by the United States against one-strand pearl necklace and against one two-strand pearl necklace, with other articles in each libel.  Judgment of forfeiture in each case.

Julian Hartridge, Asst. U. S. Atty., of New York City.
Melville J. France, of New York City, for claimant Stines.
David S. Meyers, of New York City, for claimant Kahn.

AUGUSTUS N. HAND, District Judge.  Stines, one of the claimants, says that he gave the libeled diamonds which he claims to one Kahn to deliver to the Baroness Maydell, who was to take them to New York by the Scandinavian Line, and that he had cautioned her

to declare the goods to the customs authorities. It appears that Kahn delivered them to her on the steamer, and she refused to be responsible for them and redelivered them to Kahn, who failed to declare them. The question is whether, under these circumstances, they are subject to forfeiture. In the case of United States v. 1150½ Pounds of Celluloid, 82 Fed. 627, 27 C. C. A. 231, the Circuit Court of Appeals for the Sixth Circuit held that a warehouseman, who fraudulently and for his own gain took goods stored in his warehouse, which belonged to a third party, and smuggled them into this country, was a mere trespasser, and that, as the owner was not importing them at all, they were not subject to forfeiture for violation of the customs laws.

Here not only was Kahn originally in lawful possession of the goods, but he was authorized to take one step in their importation by delivering them to the Baroness Maydell, who was going with him on the steamer. It would tend to defeat the efficient administration of the act (Act Oct. 3, 1916, c. 16, 38 Stat. 114) if an importer by the failure of his agent on the very steamer which carried his goods to carry out his directions to deliver the goods to another agent could escape forfeiture. A further logical step would be that the neglect of a single agent to carry out the' owner's directions to declare the goods would constitute a defense to forfeiture. Such a rule would give rise to all sorts of fraudulent defenses.

In the present case, if Kahn was the agent, the owner was bound by his failure to declare. If he was not the agent, after he once delivered the goods to the Baroness Maydell, she was the agent, and Kahn was merely her custodian, and her failure to declare bound the owner. On no proper theory can the neglect of this agent, who is once given goods in process of importation, relieve the owner from forfeiture.

As the one-strand pearl necklace in libel 1 would only be free of duty if Stines was a person arriving in this country, the purely personal privilege afforded by section 1, Free List, par. 642 (Comp. St. § 5291) is inapplicable, and forfeiture is inevitable. Kahn, who is the claimant of the other articles in libel 1, waived his claim at the trial, so that a verdict of forfeiture is directed as to all the merchandise in that case.

As to the claims of Stines to the two-strand pearl necklace, the lavaliere, and the ring in the second libel, all but the ring are in the same predicament as the jewelry he claimed in libel No. 1. The ring he says was given him by his father, and he claims it is free as of American manufacture. The expert testified that the setting was Russian, and Stines, in his deposition to the State Department, on August 15, 1918, made no such claim as he is now making. He apparently stated that the jewelry in general was purchased through the so-called "Thieves' Market," in Petrograd, and was the property of Mrs. Stines. The testimony may possibly only have referred to Stines' other jewelry, but in view of the whole situation, and in particular his statement then that all the jewelry being discussed was not his property, but belonged to Mrs. Stines, I do not think he can support his position as claimant, and a ver-

dict of forfeiture must be directed as to the first three items in libel 2. It is to be further noted that the ring was brought in by Kahn in the same pouch with the necklace and lavaliere, so that all must be forfeited together. Paragraph H, § 3, of Tariff Act.

The other articles in libel 2 are claimed by Kahn. No. 4 Kahn says was given him by his mother. It was set abroad, and could, if this story is true, be admitted only on proof of identity, which he did not furnish. Paragraph 404 Tariff Act. It should therefore have been declared, and the failure to do this rendered items 4 to 9, which were all in a single package, to wit, the jewel box, subject to forfeiture. Moreover, the appraisals would indicate that these articles (5 to 9) far exceeded in value the $100 exemption allowed for personal effects acquired abroad.

No. 10 is a jeweled cigarette case, which Kahn says was given him by a friend some years before. He brought it in, without declaration, on his person. Both Mr. and Mrs. Stines said that Kahn purchased such articles, and in view of his general conduct his testimony is not to be credited. No. 11 is explained by Kahn in the same way as No. 10, and must take the same course.

No. 12 is said by the mother and brother, as well as by Kahn, to have belonged to Kahn's father, and was worn by him. The expert from Tiffany's said it was a Russian setting. In view of Kahn's record, and the business he was pursuing of buying jewelry in Russia, I think he has not supported the burden of proof required of him, and this family story is not to be believed.

A verdict of forfeiture is directed as to all the articles claimed by Kahn in libel 2.