## UNITED STATES v. 3 DIAMOND RINGS (LADIES), et al.

### No. 25944.

United States District Court
N. D. California, S. D.

Oct. 7, 1952.

Chauncey Tramutolo, U. S. Atty., and Robert J. Drewes, Asst, U. S. Atty., San Francisco, Cal., for libelant.

Marcos E. Gracia, San Francisco, Cal., for claimant Paloma Sandoval.

Stack & Archbold, San Francisco, Cal., for claimant Constantin Resmadze, aka Cote Rasadze.

MURPHY, District Judge.

The United States, libelant herein, seeks a forfeiture of respondents under Section 1497 of Title 19 U.S.C.A. on the grounds that they were not declared when imported into the United States.

Two persons, Cote Rasmadze and Paloma de Sandoval, appeared as claimants. The former purports to have purchased the jewelry during World War II while residing in Paris. The latter, a peripatetic terpsichorean of Spanish nationality, has a much more plausible story of having acquired the rings and bracelets variously as fruits of her abilities. Unfortunately, according to her, among the valuables she entrusted to Cote while living with him in Paris were respondents, and he betrayed her by absconding with them. Militating against this tale is the fact that in 1949 she executed a disclaimer of ownership, addressed to the Treasury Department in which she denied having any interest in the jewelry. She now claims that said disclaimer was the product of coercion and duress. The evidence failed to sustain her position in this regard. Even if her title were acknowledged the court would find it necessary to infer that she entrusted the jewelry to Rasmadze to secure her entrance into this country, and that he and Le Vasseur were her agents. The rule of law applicable to Rasmadze in the discussion infra would then preclude her claim. Consequently, it is the conclusion of the court that she has no interest in respondents.

Delina Le Vasseur, a septuagenarian couturiere who sponsored Cote's entrance into this country and afterward informed on him as smuggler of the subject jewelry, testified that she owned the four respondents which she received from Cote in Paris and brought to this country, having acquired title by gift. Not only was her story highly improbable, she disclaimed any further interest in respondents. However, even if her title was clear, which it certainly was not, the articles would still be subject to forfeiture since she neither declared respondents orally nor in writing, 19 U.S.C.A. § 1201, par. 1798.

The final improbable character in this Continental "Rashomon", Cote Rasmadze, is a suave slipper salesman of White Russian antecedents. His account of acquisition is, to say the least, inadequate—however, there is some evidence to sustain it. Accepting his claim, more or less by default, Le Vasseur then was his agent as to those pieces of jewelry which she brought through customs. Her failure to declare said pieces subjects them to forfeiture and it is no defense to Rasmadze that he may have instructed her to declare them. United States v. One-Strand Pearl Necklace, D. C., 260 F. 671.

As to the remaining three respondents which Rasmadze brought in, they too were not declared. As a returning resident he was required to declare them in writing. Even though the claimant be classified as an "arriving non-resident", rather than a "returning resident", the so-called "free list", 19 U.S.C.A. § 1201, par. 1798, exempts only such wearing apparel and articles of adornment of persons arriving in the United States such "as are necessary and appropriate for the wear and use of *such persons* and are intended for such wear and use, and shall not be held to apply to merchandise or articles intended for other persons * * *." The respondents consist of articles of *ladies' jewelry* and as such could not be imported by Rasmadze as exempt wearing apparel.

It is the conclusion of this court that neither of the claimants has a valid claim to the jewelry and upon the law and the facts that respondents should be and are hereby forfeited to the United States.